T.C. Summary Opinion 2005-87


UNITED STATES TAX COURT


JOHNNY ELTON KELLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10036-04S.                  Filed July 14, 2005.


Johnny Elton Kelly, pro se.

<u>Beth A. Nunnink</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provi-
sions of section 7463 of the Internal Revenue Code in effect at
the time that the petition was filed.[1]  The decision to be en-
tered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]Hereinafter, all section references are to the Internal
Revenue Code in effect for the year at issue.

Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's Federal income tax (tax) for his taxable year 2000 in the respective amounts of $3,690 and $738.

The issue remaining for decision is whether the notice of deficiency (notice) that respondent issued to petitioner with respect to his taxable year 2000 is invalid. We hold that it is not.

## Background

Most of the facts have been stipulated and are so found.

Petitioner resided in Memphis, Tennessee, at the time he filed the petition in this case and at all other relevant times.

Petitioner filed a tax return for his taxable year 2000 (2000 return). In the 2000 return, petitioner reported wages of $9,246, total Social Security benefits of $18,070, and taxable Social Security benefits of $0 and claimed two dependency exemptions, the earned income credit, and head of household filing status.

Respondent's office in Holtsville, New York, issued to petitioner a notice relating to his taxable year 2000. In that notice, respondent determined that petitioner did not have wages of $9,246 as reported in his 2000 return and that he is not entitled to the two dependency exemptions, the earned income credit, and the head of household filing status that he claimed

in that return.  Respondent further determined in the notice that petitioner is liable for the accuracy-related penalty under section 6662(a).

## Discussion

The only argument that petitioner advanced at trial is that the notice that respondent issued to him with respect to his taxable year 2000 is invalid because the office of respondent which issued that notice is located in Holtsville, New York, and not in Memphis, Tennessee, where petitioner resided at all relevant times.[2]  We reject that argument.  There is no requirement in the Internal Revenue Code that the office of respondent which issues a notice to an individual taxpayer must be located where such taxpayer lives.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2]Petitioner expressly declined to advance any contentions or arguments at trial with respect to the determinations that respondent made in the notice relating to his taxable year 2000. We conclude that petitioner has abandoned contesting such determinations.